DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jimmy Mullet,<br>    Plaintiff/Counterclaim Defendant, | CASE NO. 5:06 CV 1008 |
| v. | |
| | MEMORANDUM OPINION |
| Wheeling & Lake Erie Railway Company, | AND ORDER |
|     Defendant/Third-Party Plaintiff/ | |
|     Counterclaim Plaintiff, | (Resolving Doc. Nos. 5, 11 and 13) |
| v. | |
| Brotherhood of Railroad Signalmen, | |
|     Third-Party Defendant. | |

Before the Court is the plaintiff's motion (Doc. No. 5) to dismiss the counterclaim against him on the ground that it merely duplicates the affirmative defenses and denials asserted in the answer of Wheeling & Lake Erie Railway Company ("W&LE").  W&LE has filed its response (Doc. No. 8) and Mullet has filed a reply (Doc. No. 9).[1]

Also before the Court is the motion (Doc. No. 11) of third-party defendant Brotherhood of Railroad Signalmen ("BRS") to dismiss the third-party complaint.

Plaintiff commenced this action against W&LE by filing his complaint on April 24, 2006, alleging wrongful discharge in breach of a collective bargaining agreement ("CBA") between W&LE and the BRS, in violation of the Railway Labor Act, 45 U.S.C. § 151, et seq.  He alleged

---

[1] W&LE also filed a motion (Doc. No. 13) for leave to supplement its memorandum in opposition so as to respond to an issue first raised in plaintiff's reply brief.  Since the Court has not relied on the "new" issue in the reply brief, it sees no need for the supplement.  Accordingly, Doc. No. 13 is denied.

(5:06 CV 1008)

that, on February 7, 2003, he was unjustly disciplined and wrongfully discharged without just cause.  Although plaintiff did not name BRS as a defendant, he alleged that it breached its duty of fair representation by failing to timely process his grievance and appeals, despite assuring him that it was doing so.[2]  He sought backpay and the value of lost benefits as well as reinstatement with full seniority, compensatory damages, and attorneys fees and costs.

On June 23, 2006, W&LE filed its answer, along with a counterclaim against the plaintiff and a third-party claim against BRS.  The answer raised several affirmative defenses, including

---

[2] Although railroads are not subject to the Labor Management Relations Act ("LMRA"), this case is similar to cases brought under Section 301 of the LMRA, 29 U.S.C. § 185, where an employee sues for both breach of a CBA and breach of the duty of fair representation, the so-called "hybrid" cases.

In Kaschak v. Consolidated Rail Corp., 707 F.2d 902 (6th Cir. 1983), brought under the Railway Labor Act, the court explained that "[t]he RLA provides a framework for the settlement of disputes between an employee and a carrier which arise out of the interpretation or application of the collective bargaining agreement, commonly referred to as 'minor disputes.' " Id. at 904. The court further noted that "Section 2 of the RLA, 45 U.S.C. § 152, dictates a preference for the settlement of such disputes in accordance with the contractually agreed-upon grievance procedures." Id. (footnoted omitted).  Even so, the court ruled that "[w]hile . . . an employee may not opt to have his minor dispute resolved before a court rather than before the [National Railroad Adjustment] Board," the employee would be permitted to bring an action against the employer for breach of the CBA if the employee had reasonably relied on the Union to process his grievance before the Board and the Union had failed to do so.  Kaschak makes clear that a plaintiff in these circumstances

> must show that the Union breached its duty of representation by not processing his grievance and that it was reasonable for him to rely on the fact that they would not breach that duty.  Only once such an important initial showing is made can the plaintiff proceed to pursue his claim against his employer, where he will then bear the burden of showing that his discharge was contrary to the collective bargaining agreement.

Id. at 913.  As explained by Kaschak, "[t]he provisions of the RLA are, thus, enforceable as quasi-contractual obligations, even absent a § 301-like provision saying so." Id. at 906.

2

(5:06 CV 1008)

that plaintiff's claims are time-barred, that W&LE owed no duty of fair representation to plaintiff, that plaintiff's claims are within the exclusive jurisdiction of an adjustment board established under the Railway Labor Act, and that any damages to which plaintiff may be entitled are subject to the doctrines of mitigation and apportionment.

In its counterclaim, W&LE sought a declaratory judgment that (1) it owed no duty of fair representation and that, to prevail against W&LE, plaintiff must first establish that BRS breached its duty of fair representation; (2) that plaintiff's claims are barred by a limitations period in Rule 33 of the CBA; (3) that exclusive jurisdiction over plaintiff's claims lies with the National Railroad Adjustment Board; and (4) that damages, if any, must be apportioned.  W&LE also sought contribution and indemnification from BRS in a third-party complaint.

Mullet argues in his motion that there is no material difference between the denials and affirmative defenses asserted in response to his complaint and the claim for declaratory relief contained in W&LE's counterclaim.  He asserts that the counterclaim is merely duplicative and intended to be burdensome.  He points to several cases in other circuits and to one district court case out of Michigan which stand for the proposition that duplicative claims should be dismissed.  See Rayman v. Peoples Savings Corp., 735 F.Supp. 842 (N.D. Ill. 1990); United States v. City of Menominee, 727 F.Supp. 1110, 1117 (W.D.Mich. 1989); Green Bay Packaging, Inc. v. Hoganson & Assoc., Inc., 362 F.Supp. 78 (N.D. Ill. 1973), cited with approval by Tenneco Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379 (7th Cir. 1985).

W&LE argues that its counterclaim against Mullet is compulsory because it arises out of the same transaction or occurrence.  See Fed. R. Civ. P. 13(a).  It asserts that it not only has the

3

(5:06 CV 1008)

right to raise its counterclaim, but also is required to do so or suffer waiver.  It argues that none of the cases cited by the plaintiff require summary dismissal of its counterclaim and that, in fact, the Sixth Circuit has looked with disfavor on such early summary dismissal.  See Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., 126 F.2d 172 (6th Cir. 1942).

The purpose of pleadings is to put all relevant issues before the Court.  In this case, W&LE's counterclaim is, as plaintiff argues, no more than a re-assertion of its affirmative defenses which are already before the Court by way of answer.  Therefore, the plaintiff's motion to dismiss the counterclaim is well taken and will be granted.

The Court also finds well taken the motion of BRS to dismiss the third-party complaint, for the reasons set forth in the motion.[3]  Accordingly, that motion is also granted.

This matter remains on the calendar for the Case Management Conference on September 19, 2006.

IT IS SO ORDERED.

| September 6, 2006 | s/ David D. Dowd, Jr. |
|---|---|
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |

---

[3] The Court notes that, under the Labor Management Relations Act ("LMRA"), there is no requirement that the employee join the union in a hybrid action.  See DelCostello v. International Broth. of Teamsters, 462 U.S. 151, 165 (1983) ("The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.") (applying 29 U.S.C. § 185).  Although the LMRA does not apply to railroads or their employees, since the RLA makes room for a "hybrid" action similar to an LMRA hybrid action, see, n.2, supra, the same legal principles apply.